THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00043-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ABBY RENEE MARKS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 62].

**I.     BACKGROUND**

From approximately October 2019 through October 2020, the Defendant Abby Renee Marks engaged in a wide-ranging conspiracy with her co-defendant, John Paul Roberts, to distribute and possess with intent to distribute multiple kilograms of methamphetamine. [Doc. 50 at ¶¶ 23-114]. Specifically, the Defendant and Roberts obtained methamphetamine from various sources of supply on the Dark Web, mixed large quantities of that meth with other ingredients, and pressed that mixture into pill form. [Id.]. They marketed the pills on the Dark Web as Adderall; they also sold some of the meth they obtained on the Dark Web to local traffickers in wholesale

quantities. [Id.]. The Defendant used her residence, where she resided with her two small children, as the base of the conspiracy's operations. [Id.]. Roberts estimated that the two sold at least $1,000,000 of meth during the course of the conspiracy. [Id. at ¶¶ 23, 112].

A federal grand jury indicted the Defendant and charged her with one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and thirteen counts of possession with intent to distribute various quantities of methamphetamine, in violation of 21 U.S.C. § 841. [Doc. 1]. The Defendant pled guilty to the conspiracy charge pursuant to a written plea agreement with the Government in exchange for the dismissal of the possession charges. [Docs. 35, 37].

In advance of sentencing, the Court's probation office prepared a Presentence Report, which calculated a total offense level of 33. [Doc. 50: PSR at ¶ 133]. The Defendant's criminal history garnered no criminal history points, resulting in a criminal history category of I. [Id. at ¶¶ 137, 138]. Based on a total offense level of 33 and a criminal history category of I, the probation officer calculated an advisory guidelines range of 135 to 168 months. [Id. at ¶ 163].



The Court further found that the Defendant met the criteria set forth in the statutory safety valve, 18 U.S.C. § 3553(f)(1)-(5). The parties agreed that the Defendant met this criteria.

Ultimately, the Court sentenced the Defendant to a term of 78 months. [Doc. 57].

The Defendant, proceeding *pro se*, now moves for a reduction of her sentence pursuant to Part B of Amendment 821 to the United States Sentencing Guidelines. [Doc. 62].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18

3

U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was sentenced, a defendant with zero criminal history points was treated the same as a defendant with one criminal history point for the purpose of calculating the criminal history category. Part

B of Amendment 821, effective November 1, 2023, amended the offense-level calculation for certain zero-point offenders. As revised, § 4C1.1 provides for "a decrease of two levels . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors."[1] U.S.S.C. Supp. to App'x, Am. 821 at 242; U.S.S.G. § 4C1.1 (2023). The Sentencing Commission has made Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

---

[1] Specifically, a defendant is not eligible for this reduction if (1) he or she received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he or she used violence or credible threats of violence in connection with his or her offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he or she personally caused substantial financial hardship; (6) he or she possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. § 2H1.1; (8) he or she received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he or she was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he or she received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he or she was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. Id.

The Defendant appears to be eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assessed no criminal history points, and none of the exceptions precluding eligibility for a sentencing reduction apply. With the revision to § 4C1.1 under Amendment 821, the Defendant would receive a decrease of two offense levels, reducing her total offense level to 31. With a total offense level of 31 and a criminal history category of I, the Defendant's amended guidelines range would be 108 to 135 months.

Having determined the amended guidelines range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ However, a review of the § 3553(a) factors counsel against a reduced sentence. Although the Defendant apparently has not committed any disciplinary infractions while in prison and has completed a number of educational

6

courses [see Doc. 62-1], the serious nature of her offense conduct weighs against any discretionary sentence reduction. The Defendant's offense involved the distribution of a prodigious amount of methamphetamine, both through the Dark Web and through local wholesale distributions. ▉

▉

▉

▉

▉

▉ In light of these considerations, the Court finds that the Defendant's current sentence of 78 months in prison is still sufficient, but not greater than necessary, to accomplish the sentencing objectives described in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, the need to protect the public, and the need to provide adequate deterrence.

For all of these reasons, the Court in its discretion denies the Defendant's motion for a sentence reduction.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 62] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge